UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERVIN BANKS,

                Plaintiff,

   v.

KENT W. UNDERWOOD,

                Defendant.

No. C13-5984 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted For: January 10, 2014**

Plaintiff Ervin Banks was ordered to show cause why this case should not be dismissed as the allegations of his complaint relate to a pending state court criminal matter. Dkt. 4. The Court deferred ruling on Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) (Dkt. 1) pending Plaintiff's response to the Court's Order. Dkt. 4. Because the complaint fails to state a claim cognizable under 42 U.S.C. § 1983, the undersigned recommends that it be dismissed without prejudice and that Plaintiff's IFP motion be denied as moot.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

REPORT AND RECOMMENDATION - 1

defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff purports to sue his attorney Kent W. Underwood who he alleges has "since Feb-26-2013" refused the Plaintiff a speedy trial and insisted that Plaintiff take a plea bargain. Dkt. 1, p. 3. He asks to be able to go to trial. *Id.*, p. 4.

Thus, it appears that Plaintiff is attempting to challenge the propriety of ongoing state criminal proceedings in this 42 U.S.C. § 1983 civil rights action. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All of the *Younger* criteria are satisfied here. The proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that Plaintiff cannot raise in his criminal

REPORT AND RECOMMENDATION - 2

case the same claims he raises here or that there is a danger of great and immediate irreparable harm.  This action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves.

**CONCLUSION**

This case should be **dismissed without prejudice** and Plaintiff's IFP application should be **denied as moot.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 10, 2014,** as noted in the caption.

**DATED** this 20th day of December, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3